UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTONIO BEALER,
    Plaintiff,

vs.                                                                                              08-1377,

ROGER WALKER, et.al.,
    Defendants.

CASE MANAGEMENT ORDER

    This cause is before the court for case management. On January 26, 2009, the court entered a merit review order striking the plaintiff's amended complaint as a violation of Federal Rules of Civil Procedure 8, 18 and 20. *See* January 26, 2009 Court Order.

    The plaintiff had filed a 148 page complaint against 85 defendants as well as various motions to supplement his complaint. The court advised the plaintiff that he could not file unrelated claims against unrelated defendants and was admonished that if he chose to do this in any future complaint, he could incur strikes pursuant to 28 U.S.C. § 1915(g). The court also struck all of the plaintiff's motions to supplement his complaint and clearly stated that the plaintiff would *not* be allowed to file piecemeal complaints. The plaintiff was advised that he could file another amended complaint, "but this complaint must stand complete on its own without reference to any previous complaint or *other documents*." (Jan.26, 2009 Court Order, p. 1. ). The plaintiff was given additional time to file another amended complaint.

    The plaintiff has ignored the court's specific direction. The plaintiff has first filed a motion for an extension of time.[d/e 28]. This motion was received three days after the court order. The plaintiff says he does not have access to all of his property, but he does not state how much extra time he needs. The plaintiff did in fact file a motion to amend his complaint shortly after the court's deadline. Therefore, the motion is denied as moot. [d/e 28]

    The plaintiff's first motion to amend his complaint is 54 handwritten pages in small print naming 72 specific defendants and three John Doe defendants. [d/e 29] The plaintiff says he will need additional time to "finish" his amended complaint since he has so many defendants. However, the court notes that his proposed amended complaint includes claims against most of the named defendants and five additional individuals.

    The plaintiff's second motion to amend his complaint is 58 handwritten pages in the same small print. [d/e 30]. The plaintiff has labeled this as a "supplement" to his first motion to amend his complaint. The supplemental complaint names all of the same defendants that were named in

the first motion to amend as well as a few additional defendants. The plaintiff has then filed three additional motions to supplement his original amended complaint. [d/e 33, 34, 35]

The court has clearly explained to the plaintiff that it will not allow supplemental complaints and that the plaintiff should not include unrelated claims against unrelated defendants in the same complaint. *See* January 26, 2009 Court Order. Nonetheless, the plaintiff has again filed more than a hundred pages of allegations against nearly eighty defendants.

The court could dismiss this case in its entirety for failure to follow the court's order. The plaintiff must follow all court orders if he wishes to pursue litigation. However, the plaintiff is proceeding pro se. Therefore, the court will allow the first motion to amend the complaint [d/e 29], but will deny all supplemental complaints. [d/e 30, 33, 34, 35] In addition, given the clear admonitions the court provided to the plaintiff concerning filing unrelated claims against unrelated defendants, the court will consider the claims in the complaint in the order that the plaintiff chose to present them. The plaintiff has divided his complaint based on the claims against each defendant.

The plaintiff's first claim is against Defendant Andrea Monsees. The plaintiff identifies Monsees as a Cook County Public Defender. The plaintiff says the defendant interviewed several of his family members to prepare for his case, but instead was working as a spy for the Department of Corrections. The plaintiff says the defendant provided the personal information she gained about the plaintiff to the staff at Pontiac Correctional Center who in turn shared it with the inmates. The information included that the plaintiff had sold drugs, his mother had an addiction, "antisocial behavior as a child toward family especially during family gatherings during the holidays...," spending habits, etc.

The plaintiff has failed to state a violation of his constitutional rights. First, while public defenders are not entitled to absolute immunity, a public defender does not act under color of state law when performing the traditional functions of counsel. *Polk County v. Dodson*, 454 U.S. 312, 317 n.4 (1981). Second, even if the defendant shared this information with others not involved in the pending litigation, the plaintiff has failed to articulate a violation of his constitutional rights. Finally, the court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless," "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The plaintiff's allegation that his public defender was somehow working as a spy for the Illinois Department of Corrections certainly fits this category.

The plaintiff has failed to state a claim upon which relief can be granted against Defendant Monsees. The court has reviewed the remainder of the plaintiff's amended complaint and this is the only claim against Defendant Monsees and it is unrelated to any other claim in the complaint. The plaintiff chose to state this as the first claim in his complaint and the court had previously warned the plaintiff that "[a]ny unrelated claims must be brought in a separate action." January 26,

2009 Merit Review Order, p. 2. The Seventh Circuit has held that such "buckshot" complaints should be dismissed because a prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. *George v. Smith,* 507 F.3d 605, 607, (7th Cir. 2007).

   Therefore, the court will dismiss the amended complaint because the plaintiff has failed to state a claim upon which relief can be granted against Defendant Monsees.  The court will also dismiss the remainder of the plaintiff's complaint as a violation of  Federal Rules of Civil Procedure 18 and 20 since it includes unrelated claims against unrelated defendants.  The court will also access a strike pursuant to 28 U.S.C. § 1915(g) since the claim against Defendant Monsees fails to state a claim upon which relief can be granted, and the plaintiff was warned that he may incur strikes if he did not follow the court's previous direction. January 26, 2009 Merit Review Order.

   If the plaintiff still wishes to pursue any of the remaining claims in his complaint, he is once again advised that he may not combine unrelated claims against unrelated defendants in one complaint.  If the plaintiff continues to ignore the this instruction, he can and will earn additional strikes and maybe barred from proceeding *in forma pauperis* in the future.  *See* 28 U.S.C. § 1915(g).

   **IT IS THEREFORE ORDERED that:**

   **1) The plaintiff's motion for an extension of time is denied as moot. [d/e 28]**

   **2) The plaintiff's first motion to amend his complaint is granted. [d/e 29].  The clerk of the court is directed to file the attached amended complaint.  All motions to supplement this complaint are denied. [d/e 30, 33, 34, 35]**

   **3) The plaintiff's first claim against Defendant Monsees fails to state a claim upon which relief can be granted.   The remainder of the plaintiff's complaint is also dismissed as a violation of  Federal Rules of Civil Procedure 18 and 20.   The complaint lists a variety of unrelated claims against unrelated defendants.  *See George v. Smith*, 507 F.3d 605, 607  (7th Cir. 2007).  The plaintiff's complaint is therefore dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   All pending motions are denied as moot  [d/e 31, 32, 36] and this case is closed, with the parties to bear their own costs.**

   **4) This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**

**5) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**6)  The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**7) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

**8) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)c.  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 8th day of July, 2009.

                                                 s\Harold A. Baker
                             _____
                                               HAROLD A. BAKER
                                   UNITED STATES DISTRICT JUDGE